WILLIEM R. KELLEY AND RITA E. KELLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelley v. Commissioner
Docket No. 6635-82.
United States Tax Court
T.C. Memo 1983-322; 1983 Tax Ct. Memo LEXIS 463; 46 T.C.M. (CCH) 380; T.C.M. (RIA) 83322; June 7, 1983. James E. McCollum, for the petitioner. John L. Hopkins, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $5,598.11 in petitioners' 1977 Federal income tax and imposed an addition to tax of $279.91 under section 6653(a). [1] In his answer, respondent asserted in paragraph 7 that petitioners did not file their 1977 Federal income tax return until June 30, 1978, that such failure was not due to reasonable cause, and that petitioners are liable for the addition to tax under section 6651(a)(1) in the amount of $929.85 for 1977. Petitioners did not file a reply to respondent's answer. Pursuant to Rule 37(c), [2] respondent filed a motion requesting that the undenied affirmative allegations of fact set forth in paragraph 7 of his answer be deemed admitted. On August 25, 1982, a hearing was held on this motion and no appearance was made by or on behalf of petitioners. An order was entered granting respondent's motion that the undenied affirmative allegations of fact set forth in paragraph 7 of his answer be deemed admitted for purposes of this proceeding. *466 The issues for a decision are: (1) whether petitioners are taxable on the income reported by the Williem R. Kelley Family Trust; (2) whether petitioners are entitled to miscellaneous deductions; and (3) whether petitioners are liable for additions to tax under section 6651(a)(1) and section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Williem R. Kelley (hereinafter petitioner) and Rita E. Kelley, resided in Knoxville, Tennessee when they filed their 1977 joint Federal income tax return and when they filed the petition in this case. Petitioner has a college education and is a licensed chiropractor. During 1977, both petitioner and his wife were employed by the Bearden Chiropractic Center. On or about March 6, 1974, petitioner executed a document entitled "Declaration of Trust of This Pure Trust" on a form prepared by Educational Scientific Publishers. The stated purpose of the trust was as follows: THE DECLARED PURPOSE OF THE TRUSTEES OF THIS TRUST shall be to *467 accept rights, title and interest in and to real and personal properties, whether tangible or intangible, conveyed by THE CREATOR HEREOF AND GRANTOR HERETO to be the corpus of THIS TRUST. Included therein is the exclusive use of his lifetime services and ALL of his EARNED REMUNERATION ACCRUING THEREFROM, from any current source whatsoever, so that William [sic] R. Kelley can maximize his lifetime efforts through the utilization of his Constitutional Rights; for the protection of his family in the pursuit of his happiness through his desire to promote the general welfare, all of which William [sic] R. Kelley feels he will achieve because they are sustained by his RELIGIOUS BELIEFS. During 1977, petitioner and his wife were the only trustees of the trust. There were 100 units of beneficial interest in the trust. As of January 14, 1977, petitioner held thirty units of beneficial interest in the trust and his wife held twenty units. The other fifty units of beneficial interest in the trust were to be placed in trust for petitioner's future children or for a nonprofit organization qualifying under section 501(c)(3). 2A Upon termination, the trust assets are to be distributed *468 to the beneficiaries. After the creation of the trust, petitioner's wife assigned her income from the Bearden Chiropractic Center to the trust. Petitioners, as trustees, exercised complete control over the assets of the trust and authorized the payment by the trust of their personal expenses. In the notice of deficiency, respondent determined that petitioners were taxable on income from wages and interest in the amount of $23,414.48 and $74.26, respectively, that had been reported on a Form 1041 (U.S. Fiduciary Income Tax Return) filed by the Williem R. Kelley Family Trust. Such income was not reported on petitioners' 1977 tax return. OPINION We have before us another attempt to shift the incidence of taxation through the use of a "family trust". The use of such an artifice in an effort to escape taxation has been repeatedly rejected in the past. , affirming a Memorandum Opinion of this Court; , affirming a Memorandum Opinion of this Court; *469 , affirming a Memorandum Opinion of this Court; and cases cited therein at note 4. [3] Since this case is indistinguishable from those which have come before it, we deem any further discussion of this issue unnecessary. Accordingly, we hold for respondent. [4]
Petitioner has claimed expense deductions for interest, office supplies and equipment, dues and subscriptions, travel, lodging and entertainment, moving and storage, auto leasing, and business consulting fees.Petitioner offered little substantiation, but relied almost entirely on his own testimony to support the claimed expense deductions. We found petitioner's testimony *470 vague and confusing, and we doubt his credibility. Accordingly, we find that petitioner has not established that he is entitled to the claimed deductions. [5]
We also hold that petitioner is liable for the additions to tax under section 6651(a)(1) and section 6653(a). The deemed admissions of fact establish petitioner's liability for the addition to tax under section 6651(a)(1). With respect to the addition to tax under section 6653(a), petitioner maintains that his use of the family trust scheme was not negligent because he relied on the advice of others in setting up his family trust. Essentially, petitioner relied on the advice of individuals promoting the use of family trusts to avoid taxation. We do not find his reliance on the promoters of such a scheme, without any attempt to obtain an independent professional opinion, sufficient to avoid *471 the application of the negligence penalty in the instant case. Moreover, we find it highly unlikely that any reasonable person, especially one of petitioner's obvious intelligence and educational background, would believe that a scheme such as the one before us was legitimate and would work. See . To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Rule references are to Tax Court Rules of Practice and Procedure.↩
2A. The record does not indicate whether the units were ever actually placed in trust.↩
3. The courts have relied on three theories to reject the use of a family trust to shift the incidence of taxation: (1) the trust is not recognized for tax purposes because it lacks economic substance; (2) the application of the assignment income doctrine to tax the grantor on the income; and (3) the application of the grantor trust rules under secs. 671-678. ↩
4. See .↩
5. Most of the substantiation offered by petitioner was inadequate, and the few deductions that he adequately substantiated were itemized deductions. Since petitioner, however, did not establish that he had itemized deductions in excess of the zero bracket amount ($3,200), he is not entitled to any itemized deductions. See sec. 63.↩